FILED
LODGED
ENTERED
RECEIVED

AUG 23 2001

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WEI ZHANG,

               Plaintiff,

    v.

AMERICAN GEM SEAFOODS,
et al.,

               Defendants.

NO.  C99-1441Z

COURT'S
INSTRUCTIONS

DATED this ____22____ day of August, 2001.

THOMAS S. ZILLY
UNITED STATES DISTRICT JUDGE

COURT'S INSTRUCTIONS

INSTRUCTION NO. 1

### Duty of Jury

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, i.e., what the plaintiff must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or anything I may have said or done any suggestion as to what verdict you should return. That is a matter entirely for you to decide.

COURT'S INSTRUCTIONS

1                       INSTRUCTION NO. 2

2                       <u>Burden of Proof</u>

3                <u>Preponderance of the Evidence</u>

4

5     When a party has the burden of proof on any claim by a

6 preponderance of the evidence, it means you must be persuaded by

7 the evidence that the claim is more probably true than not true.

8     You should base your decision on all of the evidence,

9 regardless of which party presented it.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COURT'S INSTRUCTIONS

INSTRUCTION NO. 3

### Evidence

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

You have also heard testimony in the form of depositions. This testimony is also evidence from which you are to decide the facts. You should draw no inference from whether these individuals were or were not physically present in court themselves.

COURT'S INSTRUCTIONS

1        INSTRUCTION NO. 4

2        Stipulated Facts

3

4        Plaintiff and defendant have agreed, or stipulated, to the
5   following facts.  This means that you should treat these facts as
6   having been proved.  You should consider these facts in addition to
7   those facts which were proved to you at trial.

8        1.   Plaintiff Wei Zhang is a man of Asian race and Chinese
9   national origin.

10       2.   Defendant American Gem Seafoods, Inc. is a Delaware
11  corporation that conducts business within the jurisdiction of this
12  Court.

13       3.   Defendant MCMI Food Company is a Texas corporation.

14       4.   Defendant Harry Lees is President and CEO of MCMI Food
15  Company and CEO of American Gem Seafoods.

16       5.   Mr. Zhang was employed by Defendant American Gem
17  Seafoods.

18       6.   Plaintiff was employed by American Gem Seafoods, Inc.
19  under an employment contract dated September 29, 1997.

20       7.   Plaintiff's compensation and benefits were equal to that
21  paid to the other American Gem Vice Presidents, all of whom were
22  Caucasian.

23       8.   Plaintiff's employment contract provided that if he was
24  terminated without cause he would be paid an amount equal to his
25  base salary from the date of termination through the date his
26  contract of employment expired, plus expenses accrued through his

COURT'S INSTRUCTIONS

1   INSTRUCTION NO. 4 (page 2)

2

3   termination date.

4        9.    Plaintiff's employment contract required that he report
5   to the President of American Gem Seafoods, and perform the duties
6   and responsibilities assigned to him by the President.   The
7   contract also required that he devote his full business time,
8   energy, efforts, skills, abilities and attention to the performance
9   of the duties for the benefit of American Gem, and use best efforts
10  to preserve the business and good will of the Company.

11       10.   Plaintiff's employment contract provided that Plaintiff
12  could be dismissed for cause if he committed a material beach of
13  any material provision of the contract, committed a material
14  violation of the instructions or policies established by the
15  Company with respect to the operation of its business and affairs,
16  or committed an act of material dishonesty against the Company.

17       11.   Plaintiff's employment contract required written notice
18  of termination for cause.

19       12.   Plaintiff was not given written reasons for his
20  termination on February 24, 1999.

21       13.   Mr. James Bugbee is a caucasian American.

22       14.   In January 1999, Mr. Bugbee was employed as a Vice
23  President of American Gem with the title Vice President of Asian
24  Operations.

25       15.   Mr. Zhang was fired at the Logan International Airport in
26  Boston, Massachusetts, by Clair Parker and Jim Hilger on February

COURT'S INSTRUCTIONS

INSTRUCTION NO. 4 (page 3)

24, 1999. Harry Lees concurred with this decision.

16. Plaintiff was discharged from American Gem Seafoods and not offered a severance package.

17. American Gem Seafoods did not provide Plaintiff with a company policy or handbook prohibiting discrimination or harassment.

18. Several caucasian vice Presidents of American Gem Seafoods were discharged from their positions by Harry Lees, as President of MCMI Food Company.

19. Mr. Zhang was given a letter dated April 28, 1999 setting out in writing the reasons for his termination.

COURT'S INSTRUCTIONS

INSTRUCTION NO. 5

### What is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

COURT'S INSTRUCTIONS

INSTRUCTION NO. 5 (page two)

    4.    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

COURT'S INSTRUCTIONS

INSTRUCTION NO. 6

<u>Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTIONS

INSTRUCTION NO. 7

Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness' memory;

3.   the witness' manner while testifying;

4.   the witness' interest in the outcome of the case and any bias or prejudice;

5.   whether other evidence contradicted the witness' testimony;

6.   the reasonableness of the witness' testimony in light of all the evidence; and

7.   any other factors that bear on believability.

These are some of the factors you may consider in deciding whether to believe testimony.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses who testify.

COURT'S INSTRUCTIONS

INSTRUCTION NO. 8

<u>Liability of Corporations</u>

A corporation under the law is a person, but it can only act through its employees, agents, directors, or officers.  The law therefore holds a corporation responsible for the acts of its employees, agents, directors, and officers.  It is undisputed that defendant Harry Lees is an officer of MCMI Food Company and American Gem Seafoods.  The acts of officers are imputed to the corporation.  Therefore, MCMI Food Company and American Gem Seafoods are liable for any discriminatory or harassing acts by defendant Harry Lees.

The fact that a defendant is a corporation should not affect your decision.  All persons are equal before the law, and a corporation, whether large or small, is entitled to the same fair and conscientious consideration by you as any other person.

COURT'S INSTRUCTIONS

INSTRUCTION NO. 9

<u>MCMI Food Company</u>

Defendant MCMI Food Company is liable for ~~the discriminating~~ any unlawful

acts, if any, of its subsidiary American Gem Seafoods.

COURT'S INSTRUCTIONS

INSTRUCTION NO. 10

## Summary of Plaintiff's Claims

Plaintiff brings this lawsuit against defendants to recover compensation for damages allegedly sustained. Plaintiff brings this action on the basis of several separate claims, asserting:

1. A hostile work environment based on race or national origin under federal and state law;

2. Race and national origin discrimination in violation of federal law;

3. Race and national origin discrimination in violation of state law;

4. Retaliatory discharge based on federal law;

5. Retaliatory discharge based on state law;

6. Breach of Plaintiff's written employment contract.

Plaintiff claims that one or more of these acts was a proximate cause of damage. Defendants deny these claims and, further, deny the nature and extent of plaintiff's claimed damages.

The foregoing is merely a summary of the claims of the parties. You are not to take the same as proof of the matter claimed unless admitted by the opposing party, and you are to consider only those matters that are admitted or established by the evidence. These claims have been outlined solely to aid you in understanding the issues.

COURT'S INSTRUCTIONS

INSTRUCTION NO. 10 (page 2)

Plaintiff is asserting several claims, each of which is entitled to your separate consideration.  You must decide as to each claim whether plaintiff is entitled to recover.  The fact that plaintiff may be entitled to recover on one claim does not mean that plaintiff is entitled to recover on another.

Similarly, the fact that plaintiff may not be entitled to recover on one claim does not prevent plaintiff from recovering on another.

COURT'S INSTRUCTIONS

1

INSTRUCTION NO. 11

2

First Claim - Hostile Work Environment

3

4    Plaintiff has sued the defendant for harassment based on race
5  and national origin claiming that the harassment created a hostile
6  work environment in violation of federal and state law.

7    In order to establish a case of hostile work environment based
8  on race or national origin, plaintiff has the burden of proving
9  each of the following elements by a preponderance of the evidence:

10   First:    The plaintiff was subject to harassment because of
11             his race or national origin;

12   Second:   The harassment was unwelcome;

13   Third:    The harassment was sufficiently severe or pervasive
14             to alter the conditions of the plaintiff's
15             employment and create a racially abusive or hostile
16             working environment;

17   Fourth:   The plaintiff perceived the working environment to
18             be abusive or hostile; and

19   Fifth:    A reasonable person in plaintiff's circumstances
20             would consider the working environment to be abusive
21             or hostile.

22   Whether the environment constituted a racially hostile work
23  environment based on race or national origin is determined by
24  looking at the totality of the circumstances, including the
25  frequency of the discriminatory conduct, the severity of the
26  conduct, whether the conduct was physically threatening or

COURT'S INSTRUCTIONS

1                    INSTRUCTION NO. 11 (page 2)

2

3 humiliating or a mere offensive utterance, and whether it

4 unreasonably interfered with the employee's work performance.

5     If you find from your consideration of all of the evidence

6 that the plaintiff has proved each of these elements, your verdict

7 should be for the plaintiff on this claim.  On the other

8 hand, if any of these elements has not been proved, your verdict

9 should be for the defendant on this claim.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COURT'S INSTRUCTIONS

INSTRUCTION NO. 12

<u>Second Claim - Discrimination Based on Race</u>

<u>or National Origin Under Federal Law</u>

Plaintiff's second claim alleges that a defendant intentionally discriminated against plaintiff based on his race or national origin.  Under federal law, if a person or corporation demotes, discharges or discriminates against a person with respect to his compensation, terms or conditions of employment because of that person's race or national origin, the law has been violated.

The plaintiff has the burden of proving each of the following elements with respect to plaintiff's second claim by a preponderance of the evidence:

<u>First</u>:    The plaintiff was demoted, terminated or not paid a bonus; and

<u>Second</u>:    The plaintiff's race or national origin was a motivating factor in the defendant's decision to demote, terminate or not pay him a bonus.

In showing that plaintiff's race or national origin was a "motivating factor" plaintiff is not required to prove that his race or national origin was the only factor or the main factor for a defendant's decision.

If you find from your consideration of all of the evidence that the plaintiff has proved each of these elements, your verdict should be for the plaintiff on this claim.  On the other hand, if any of these elements has not been proved, your verdict should be

COURT'S INSTRUCTIONS

INSTRUCTION NO. 12 (page 2)

for the defendant on this claim.

INSTRUCTION NO. 13

Third Claim - Discrimination Based on Race

or National Origin Under State Law

Plaintiff's third claim alleges that a defendant intentionally discriminated against plaintiff based on his race or national origin.  Under state law, if a person or corporation demotes, discharges or discriminates against a person with respect to his compensation, terms or conditions of employment because of that person's race or national origin, the law has been violated.

The plaintiff has the burden of proving each of the following elements with respect to plaintiff's third claim by a preponderance of the evidence:

First:      The plaintiff was demoted, terminated or not paid a
            bonus; and

Second:     The plaintiff's race or national origin was a
            substantial factor in defendant's decision to
            demote, terminate or not pay him a bonus.

In showing that plaintiff's race or national origin was a "substantial factor" plaintiff is not required to prove that his race or national origin was the only factor or the main factor for a defendant's decision.

If you find from your consideration of all of the evidence that the plaintiff has proved each of these elements, your verdict should be for the plaintiff on this claim.  On the other hand, if any of these elements has not been proved, your verdict should be

COURT'S INSTRUCTIONS

INSTRUCTION NO. 13 (page 2)

for the defendant on this claim.

COURT'S INSTRUCTIONS

INSTRUCTION NO. 14

Fourth Claim - Claim For Retaliatory Discharge

In Violation of Federal Law

The plaintiff has the burden of proving by a preponderance of the evidence each of the following elements with respect to his claim that he was terminated in retaliation for opposing perceived discrimination in violation of federal law:

First:     Plaintiff engaged in protected activity by
           complaining to the defendant that he was
           discriminated against because of his race or
           national origin;

Second:    Plaintiff was terminated by defendant; and

Third:     The plaintiff would not have been terminated but for
           the plaintiff having engaged in the protected
           activity.

If you find from your consideration of all of the evidence that the plaintiff has proved each of these elements, your verdict should be for the plaintiff on this claim. On the other hand, if any of these elements has not been proved, your verdict should be for the defendant on this claim.

COURT'S INSTRUCTIONS

INSTRUCTION NO. 15

Fifth Claim - Retaliation Under State Law

The Washington Law Against Discrimination makes it an unlawful employment practice for any employer to retaliate against any person by discharging him or her from employment because that person has complained about a practice forbidden by the Law.  In this case, plaintiff's fifth claim is that he was terminated because he complained that he had been discriminated against because of his race or national origin in violation of state law.

The plaintiff has the burden of proving by a preponderance of the evidence each of the following elements with respect to plaintiff's fifth claim:

First:  Plaintiff opposed what he reasonably believed to be discrimination on the basis of his race or national origin;

Second:  Plaintiff was terminated by defendant; and

Third:  Plaintiff's opposition to what he reasonably believed to be discrimination on the basis of his race or national origin was a substantial factor motivating defendant's decision to terminate the plaintiff.  Plaintiff does not have to prove that the protected conduct was the only factor or the main factor in the defendant's decision, or that plaintiff would have been retained but for the opposition.

COURT'S INSTRUCTIONS

1          INSTRUCTION NO. 15 (page 2)

2

3       If you find from your consideration of all of the evidence

4  that the plaintiff has proved each of these elements, your verdict

5  should be for the plaintiff on this claim.  On the other hand, if

6  any of these elements has not been proved, your verdict should be

7  for the defendant on this claim.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COURT'S INSTRUCTIONS

INSTRUCTION NO. 16

Sixth Claim - Breach of Contract

Plaintiff has sued the defendant American Gem Seafood for breach of contract.

The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence with respect to plaintiff's sixth claim for breach of contract:

First:   That plaintiff and the defendant entered into a contract;

Second:   The defendant breached the contract with plaintiff by terminating plaintiff without cause; and

Third:   That plaintiff suffered damages caused by the defendant's breach of contract.

A contract is a promise or set of promises for the breach of which the law gives a remedy or the performance of which the law in some way recognizes a duty.

If you find from your consideration of all of the evidence that the plaintiff has proved each of these elements, your verdict should be for the plaintiff on this claim.  On the other hand, if any of these elements has not been proved, your verdict should be for the defendant on this claim.

COURT'S INSTRUCTIONS

INSTRUCTION NO. 17

Employment Contract – Cause

In this case, Exhibit 17 is a written employment contract between the plaintiff and the defendant American Gem Seafoods, Inc. The contract provides that the plaintiff could be terminated for the specified reasons in the contract which would constitute "cause." You are to determine whether the defendant had "cause" to terminate plaintiff under the contract.

To determine whether the defendant had cause, you must determine whether defendant's reasons for termination were fair, honest, and made in good faith. Defendant's decision cannot be arbitrary, capricious or for an illegal reason and must be based on facts (1) supported by substantial evidence and (2) reasonably believed by the defendant to be true.

COURT'S INSTRUCTIONS

INSTRUCTION NO. 18

Business Judgment

In connection with plaintiff's claims for discrimination and retaliation (claims 2, 3, 4, and 5), you may not find that a decision was unlawful just because you disagree with the reasons for the decision or you believe the decision was harsh or unreasonable, as long as plaintiff's race or national origin was not a factor in the defendant's decision.

COURT'S INSTRUCTIONS

1                        INSTRUCTION NO. 19

2                          <u>Measure of Damages</u>

3

4        It is the duty of the court to instruct you as to the measure

5   of damages.  By instructing you on damages the court does not mean

6   to suggest for which party your verdict should be rendered.

7        If your verdict is for the plaintiff, you must then determine

8   the amount of money required to reasonably and fairly compensate

9   the plaintiff for the total amount of damages.

10       If you find for the plaintiff on his first, second, third,

11  fourth or fifth claims, your verdict may include the following

12  items of damage if caused by a defendant:

13       1.    The reasonable value of lost past earnings and fringe

14  benefits, from the date of the wrongful conduct to the date of

15  trial;

16       2.    The reasonable value of lost future earnings and fringe

17  benefits;

18       3.    The emotional harm to the plaintiff caused by the

19  defendants including emotional distress, loss of enjoyment of life,

20  humiliation, personal indignity, embarrassment, fear, anxiety,

21  and/or anguish experienced and such emotional harm that with

22  reasonable probability will be experienced in the future by the

23  plaintiff.

24       If you find for the plaintiff on his sixth claim for breach

25

26

COURT'S INSTRUCTIONS

1                           INSTRUCTION NO. 19 (page 2)

2

3   of contract you may award him only a sum of money that will

4   compensate him for the monetary harm caused by the defendants'

5   breach of the employment contract.  On his contract claim, you may

6   not award the plaintiff more than an amount equal to the value of

7   all compensation he would have received for the unexpired term of

8   the contract plus any unpaid balance due under the contract for

9   services rendered before the date of termination.  You may not

10  award the plaintiff damages for emotional distress, humiliation, or

11  any other nonmonetary injury he suffered on his claim for breach of

12  contract.

13      The burden of proving damages rests with the plaintiff and it

14  is for you to determine whether any particular element has been

15  proved by a preponderance of the evidence.

16      Your award must be based upon evidence and not upon

17  speculation, guess or conjecture.

18      The law has not furnished us with any fixed standards by which

19  to measure pain and suffering.  With reference to these matters,

20  you must be governed by your own judgment, by the evidence in the

21  case, and by these instructions.

22      If you find for plaintiff on more than one claim, your award

23  of damages could result in a duplication of damages.  If you find

24  for plaintiff on his first claim, please indicate on the verdict

25  form the total amount of damages that you award on that claim.

26

COURT'S INSTRUCTIONS

INSTRUCTION NO. 19 (Page 3)

If you find for plaintiff on his first claim and also find for
plaintiff on his second, third, fourth, or fifth claim, your
damages should not include any damages you have previously awarded
plaintiff on his first claim.  Finally, if you find for plaintiff
on his sixth claim for breach of contract, your damage award for
that claim must be limited to the lost wages and benefits from the
date of termination to September 29, 1999. Any damages you award
for plaintiff's sixth claim should not include any damages you have
previously awarded plaintiff on his second, third, fourth, or fifth
claim.

COURT'S INSTRUCTIONS

INSTRUCTION NO. 20

Mitigation

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.    that plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which the damages would have been mitigated.

COURT'S INSTRUCTIONS

1

INSTRUCTION NO. 21

2

Punitive Damages

3

4     If you find for plaintiff on either (a) his first claim for
5   hostile work environment, (b) his second claim for discrimination
6   under federal law, or (c) his fourth claim for retaliatory
7   discharge based on race or national origin under federal law, you
8   may but are not required to award punitive damages.  You may not
9   award plaintiff punitive damages in connection with his other
10   claims based on state law.

11     The purposes of punitive damages are to punish a defendant and
12   to deter a defendant and others from committing similar acts in the
13   future.  Plaintiff has the burden of proving that punitive damages
14   should be awarded, and the amount, by a preponderance of the
15   evidence.  You may award punitive damages only if you find that
16   defendant's conduct was malicious, or in reckless disregard of
17   plaintiff's rights.  Conduct is malicious if it is accomplished by
18   ill will, or spite, or if it is for the purpose of injuring
19   another.  Conduct is in reckless disregard of plaintiff's rights
20   if, under the circumstances, it reflects complete indifference to
21   the rights of others or the defendant acts in the face of a
22   perceived risk that its actions will violate the plaintiff's rights
23   under federal law.

24     If you find that punitive damages are appropriate, you must
25   use reason in setting the amount.  Punitive damages, if any, should
26

COURT'S INSTRUCTIONS

INSTRUCTION NO. 21 (Page 2)

be in the amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.   In considering punitive damages, you may consider the degree of reprehensibility of a defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

COURT'S INSTRUCTIONS

INSTRUCTION NO. 22

Use of Notes

You may have used notes taken during trial to assist your memory.  Notes, however, should not be substituted for your memory, and you should not be overly influenced by the notes.

COURT'S INSTRUCTIONS

INSTRUCTION NO. 23

Deliberation

Upon retiring to the jury room for your deliberation of this case, your first duty is to select a presiding juror.  It is his or her duty to see that discussion is carried on in a sensible and orderly fashion, that the issues submitted for your decision are fully and fairly discussed, and that every juror has a chance to express himself or herself and participate in the deliberations upon each question before the jury.

You will be furnished with all the exhibits, these instructions and a suitable form of verdict.

This being a civil case, ten of you must agree upon a verdict. When you have so agreed, fill in the proper form of verdict to express the results of your determination.  The presiding juror will sign and date it and announce your agreement to the clerk who will conduct you into court to declare your verdict.

COURT'S INSTRUCTIONS

INSTRUCTION NO. 24

Reaching Agreement

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these Instructions.

COURT'S INSTRUCTIONS

INSTRUCTION NO. 25

## Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a ~~unanimous~~ verdict or have been discharged.

If you send a note to me, there will be some delay in my response because I will discuss the note with the lawyers before preparing a response.

COURT'S INSTRUCTIONS